# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. ) ) COMPLAINT ) JURY TRIAL DEMAND ) |
| NABSTAR, LLC d/b/a SLEEP INN, | ) ) ) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Islyn I. Palmer who was adversely affected by such unlawful practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that Islyn Palmer, was discriminated against based on her age, 74, when she was terminated from her breakfast attendant position without notice, and was replaced by a 28 year-old employee. As a result of these discriminatory practices, Ms. Palmer suffered backpay losses.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 (b) (the "ADEA"), which incorporate by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§215 (a)(3), 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Delaware.

**PARTIES**

3.  Plaintiff, the Equal Employment Opportunity Commission (The "Commission"), is the agency of the United States of America charged with administration, interpretation and enforcement of the Age Discrimination in Employment Act, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626 (b), as amended by Section 2 of Reorganization Plan No.1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.  At all relevant times, Defendant, Nabstar, LLC d/b/a Sleep Inn, (the "Employer"), has continuously been doing business in the State of Delaware and the City of Newark and has continuously had at least 20 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 11(c) of the ADEA, 29. U.S.C. § 630 (c).

**STATEMENT OF CLAIMS**

6. More than thirty days prior to the institution of this lawsuit, Islyn Palmer filed a charge with the Commission alleging violations of the Age Discrimination in Employment Act of 1967. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January of 2003, Defendant Employer has engaged in unlawful employment practices at its Newark, Delaware facility, by unlawfully subjecting Islyn Palmer to disparate treatment based upon her age in violation of Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 (b). These unlawful practices include, but are not limited to, the following:

(a) Ms. Palmer began her employment with Sleep Inn in August of 1997 as a Breakfast Attendant in Defendant's Housekeeping Department. She was responsible for cleaning the breakfast and lobby areas, the public bathroom, and other common areas.

(b) On or about August 4, 2003, the hotel was sold to Defendant, Nabstar, who then installed new management of the facility under General Manager, Joan Payne. Prior to the August 4, 2003 transfer of ownership, an orientation meeting was scheduled to introduce the staff to the new owners. Ms. Palmer was not notified of this meeting and therefore did not attend.

(c) The weekend following the purchase of the hotel, Ms. Palmer arrived for her scheduled breakfast shift only to find that Defendant had scheduled a 28 year old employee to work Ms. Palmer's shift. When Ms. Palmer inquired of Defendant's management about why a new employee was working her shift and performing her prior duties, she was informed that because she was not listed as an employee, someone had filled her position. Defendant told her to fill out a job application, which Ms. Palmer completed.

(d) The following weekend of August 16-17th, 2003, Ms. Palmer again came into work only to find the same younger employee working in the position again. She spoke with management for a second time, and was told that both Ms. Palmer and the younger employee would work the shift together.

(e) The same weekend, General Manager Payne met with Ms. Palmer about the duties of her position. Ms. Palmer informed Payne that she was willing and able to do the duties assigned to her position, and that she was also willing to work in other areas and departments.

(f) Despite Ms. Palmer's six years of satisfactory work performance at the facility, after working for Defendant for only one weekend, on August 20, 2003, Payne terminated Ms. Palmer without explanation.

(g) In the six years that Ms. Palmer was employed at the facility, Ms. Palmer had never received any disciplinary actions, nor was she advised of any customer complaints about her work.

(h) Ms. Palmer was the oldest and most senior employee at 74 years of age at the facility when Defendant Nabstar assumed management. The next oldest employee was 39 years old. After Ms. Palmer's termination, Defendant permanently replaced Ms. Palmer with a 28 year old female employee.

8. The effect of the practices complained of in paragraphs 7(a) through (h) above has been to deprive Islyn Palmer of equal employment opportunities and otherwise adversely affect her status as an employee because of her age.

10. The unlawful employment practices complained of in paragraphs 7(a) through (h) above were intentional.

11. The unlawful employment practices complained of in paragraphs 7(a) through (h) were done with malice or with reckless indifference to the federally protected rights of Islyn Palmer.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers,

successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination, and retaliation and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.     Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Islyn Palmer by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful-place reinstatement of Islyn Palmer, or frontpay, in lieu thereof, if reinstatement is not feasible.

D.     Pursuant to 29 U.S.C. § 216 (b), order Defendant Employer to pay Islyn Palmer liquidated damages for its willful, malicious and reckless conduct described in paragraphs 7(a) through (h) above, in amounts to be determined at trial.

E.     Grant such further relief as the Court deems necessary and proper in the public interest.

F.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**ERIC S. DRIEBAND**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

_____
**JACQUELINE H. MCNAIR**
Regional Attorney

_____
**JUDITH A. O'BOYLE**
Supervisory Trial Attorney

_____
**RACHEL M. SMITH**
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2642; (215) 440-2828 (FAX)

COLM F. CONNOLLY
United States Attorney

_____
RUDOLPH CONTRERAS
Chief, Civil Division
Assistant United States Attorney
1007 Orange Street
Suite 700
Post Office Box 2046
Wilmington, Delaware 19899-2046
(302) 573-6277

Dated: 6/6/05