IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : | |
| Plaintiff, | : : | C.A. No. 05-374-GMS |
| v. | : : | TRIAL BY JURY DEMANDED |
| NABSTAR, LLC d/b/a SLEEP INN, | : : | |
| Defendants. | : | |

**ANSWER WITH AFFIRMATIVE DEFENSES
OF DEFENDANT, NABSTAR, LLC d/b/a SLEEP INN,
TO PLAINTIFF'S COMPLAINT**

**NATURE OF THE ACTION**

Answering defendant denies all allegations contained in plaintiff's statement of the Nature of the Action.

**JURISDICTION AND VENUE**

1. The allegations in paragraph 1 of plaintiff's Complaint contain conclusions of law to which no response is required.

2. Denied.

**PARTIES**

3. The allegations in paragraph 3 of plaintiff's Complaint contain conclusions of law to which no response is required.

4. Denied.

5. Denied as a conclusion of law to which no response is required.

## STATEMENT OF CLAIM

6. Admitted that Islyn Palmer filed a charge with the plaintiff alleging violations of the Age Discrimination Employment Act of 1967. The remaining allegations in paragraph 6 of plaintiff's Complaint are denied and answering defendant further denies that it committed any violations of the Age Discrimination Employment Act of 1967.

7. 7(a) – 7 (h) Denied.

8. Denied.

9. (No paragraph 9 exists in plaintiff's Complaint).

10. Denied.

11. Denied.

WHEREFORE, answering defendant demands that plaintiff's Complaint against it be dismissed with prejudice and that judgment be entered in favor of answering defendant and against plaintiff, together with reasonable attorneys fees and costs and such other relief as the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The alleged deprivation of civil rights did not result from a breach of any duty owed by defendant to the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Incidents of which the plaintiff complains were not foreseeable by defendant.

## FOURTH AFFIRMATIVE DEFENSE

If the plaintiff's allegations of facts as set forth in the Complaint are proven to be true at trial, all of which are expressly denied by defendant, then defendant acted unintentionally and we of action under any federal civil rights statute or other statute.

## FIFTH AFFIRMATIVE DEFENSE

At all times relevant hereto, defendant acted without malicious intent and in good faith and with a reasonable justification or belief in the legality and lawfulness of its actions.

## SIXTH AFFIRMATIVE DEFENSE

At all times relevant hereto, defendant acted without malicious intent and in good faith, with a reasonable justification or belief in the legality and lawfulness of its actions, and its actions were reasonable considering all of the circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

Answering defendant's alleged actions or omissions were not the cause in fact or proximate cause of the harm alleged by the plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's injuries and damages, if any, were caused by intervening and superseding acts or omissions of third parties.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff's injuries and damages, if any, are unrelated to any actions or omissions on the part of answering defendant and resulted from acts, occurrences or conditions for which the answering defendant is not responsible.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a valid claim under the Age Discrimination in Employment Act.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a valid claim for willful violation under the Age Discrimination in Employment Act.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant did not engage in prohibited employer conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the applicable statute of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

At no time did defendant breach any duty owed to plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state causes of action upon which punitive damages may be awarded against defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages under the Age Discrimination in Employment Act.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not deprived of any rights secured by the United States Constitution or any federal, state or local statute.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant at all times material to plaintiff's Complaint acted properly, in good faith and within its legal authority.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the doctrines of estoppel, waiver and/or laches.

### TWENTIETH AFFIRMATIVE DEFENSE

Claims for back pay or front pay by plaintiff must be offset by any wages or benefits received since the time of her separation from employment or which could have been earned in the reasonable exercise of diligence to mitigate her claim for damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's damages are barred in whole or in part by the failure of plaintiff to mitigate her damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff was an at will employee subject to termination with or without cause pursuant to the Employee Handbook which plaintiff received and signed.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant was unaware of plaintiff's employment when defendant took over ownership and management of the subject hotel on 8/4/03.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff refused to perform cleaning duties which were a part of the duties of the breakfast person established by defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff refused to begin her week-end work day at 6:00 a.m. which was the start time for breakfast duties on week-ends as established by defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff was the subject of several guest complaints after her first week-end of work relating to rudeness and uncleanliness in the breakfast area.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was offered more hours, but she refused the offer by defendant.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was unwilling to work in another department at the hotel.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to attend an orientation on 7/30/03 to introduce the new owners of the subject hotel to employees of the former owner.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's age was not related in any way to plaintiff's discharge from employment by defendant.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant was unaware of what employees of the previous owner would seek to continue their employment when ownership and management of the subject hotel was taken over by defendant.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant reserves the right to plead additional affirmative defenses as warranted by continuing investigation and discovery.

                                        **MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

                          By:   */s/ Kevin J. Connors*
                                Kevin J. Connors, Esquire
                                (DE I.D.#2135)
                                Attorney for Defendants
                                1220 N. Market Street
                                5th Floor
                                P.O. Box 8888
                                Wilmington, DE 19899-8888
                                302-552-4302

**DATED:  August 22, 2005**

\15_A\LIAB\KJC\LLPG\302347\VXL\21256\00512