IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | Civil Action No. 05-374 (GMS) |
| *Plaintiff*, | : : : | |
| v. | : : | JOINT STATUS REPORT |
| NABSTAR, LLC D/B/A SLEEP INN<br>*Defendant.* | : : : : | |

Pursuant to Fed. R. Civ. P. 26(f) and Loc. Civ. R. 26.1(b), plaintiff Equal Employment Opportunity Commission ("EEOC"), Defendant Nabstar, LLC propose the following joint discovery plan:

**1. Jurisdiction and Service**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 (b) (the "ADEA"), which incorporate by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§215 (a)(3), 216(c) and 217. All events and parties relating to this event occurred and reside within the jurisdiction of the District of Delaware. Defendant was served with the EEOC's Complaint on July 5, 2005.

**2. Substance of the Action**

**(a) EEOC's Claims and Legal Issues:**

The Commission filed a lawsuit on behalf of Islyn Palmer under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide

her with appropriate relief. Islyn I. Palmer who was adversely affected by Defendant's unlawful practices when she was discharged from her position as a breakfast room attendant. The Commission alleges that Islyn Palmer, age 74 at the time, was discriminated against in the terms and conditions of her employment when she was terminated without notice or warning. Defendant replaced Ms. Palmer's position with a 28 year old similarly situated employee. As a result of these discriminatory practices, Ms. Palmer has suffered backpay losses.

**(b) Defendant, Nabstar's Position:**

Defendant, Nabstar, LLC d/b/a Sleep Inn denies that it committed any violations of the Age Discrimination in Employment Act in discharging Islyn A. Palmer from her position. More specifically, plaintiff's age was not related in any way to her discharge from employment by defendant. Defendant contends further that no conduct on its part caused Islyn A. Palmer to suffer any damages of any nature.

**3.        Identification of Issues.**

**Plaintiff, EEOC**

**Legal Issue**:   Whether Defendant discriminated against Islyn Palmer on the basis of her age when Ms. Palmer was terminated from her position at Sleep Inn Hotel in August of 2003.

**Factual Issues:**

a.     Whether Islyn Palmer received was informed of a meeting with all employees prior to the acquisition of Sleep Inn Hotel by Nabstar, LLC.

b.     Whether Islyn Palmer completed an application for a position with Sleep Inn Hotel under the new management of Nabstar, LLC.

c.     Whether Joan Payne or any other management personnel offered Ms. Palmer other shifts prior to her being terminated.

d.     Whether Islyn Palmer received customer complaints and whether evidence of such complaints exists.

e.     Whether Islyn Palmer was terminated because of poor performance.

f.     Whether Islyn Palmer was replaced by a 28 year old similarly situated employee to perform her job duties after Ms. Palmer's termination.

**Defendant, Nabstar, LLC**

**Factual Issues**:

(a)     Whether plaintiff failed to mitigate her damages;

(b)     Whether plaintiff was an at will employee;

(c)     Whether defendant was unaware of plaintiff's employment when defendant took over the hotel;

(d)     Whether plaintiff refused to perform cleaning duties which were part of the duties of the breakfast person established by defendant;

(e)     Whether plaintiff refused to begin her weekend work day at 6:00 a.m. which was the start time for breakfast duties as established by defendant;

(f)     Whether plaintiff refused an offer of more hours;

(g)     Whether plaintiff was unwilling to work in another department at the hotel;

(h)     Whether plaintiff failed to attend an orientation on 7/30/03; 90 whether defendant was unaware of what employees of the previous owner would seek to continue their employment with defendant.

**4**.     **Narrowing of Issues**

The legal issue of whether the Defendant violated the ADEA could be disposed of by way of summary judgment motion. The parties may be able to agree on lost wages and therefore narrow the issue of damages. Whether or not Defendant should be subjected to liquidated damages is an issue of willful violation of the ADEA and would have to be included in a motion argument.

**5**.     **Relief**

The Commission seeks back wages and liquidated damages on behalf of Islyn Palmer. Because the Commission has brought suit on behalf of the public interest, the Commission also seeks

**6.**     **Amendment of Pleadings:**

The parties propose deadline for amending the pleadings is February 1, 2006.

**7.        Joinder of Parties**

       N/A

**8.        Discovery:**

The Commission served its Rule 26 (a) disclosures on <u>October 31, 2005</u>. Defendant, Nabstar, LLC will serve their Initial Disclosures on or before <u>November 30, 2005</u>. The parties will exchange written discovery requests, depose party witnesses and fact witnesses, and may take expert discovery.

    **The parties' estimate of the time needed to complete discovery**

        a.   The parties expect to complete fact discovery by <u>March 15, 2006</u>

        b.   EEOC will serve expert reports, if any, by <u>April 15, 2006</u>

        c.   Defendants will serve expert reports, if any by <u>May 15, 2006</u>

  **Other proposed deadlines**

        a.   Deadline for motions to amend pleadings and add parties: <u>February 1, 2006</u>

        b.   Deadline for deposing experts: <u>June 30, 2006</u>

        c.   Deadline for filing dispositive motions: <u>March 15, 2006</u>

**A statement regarding whether expert testimony will be necessary, and the parties anticipated schedule for retention of experts and submission of reports.**

       The Commission is not yet certain of whether or not it will retain an expert, but reserves the right to do so. If the Commission does choose to retain an expert, the EEOC will inform the Court and opposing counsel in a timely manner.

**A statement regarding whether there should be any limitation placed on the use of any discovery device and, if so, the reason the limitation is sought**

       N/A

**A description of any special discovery needs of the parties (e.g., video tapes, telephone depositions, or problems with out-of-state witnesses or documents, etc.)**

       At this time, the Commission does not have any special discovery needs, but reserves the right to amend its requests for special discovery needs as it becomes necessary.

**9.        Trial date:** To be set by the Court.

**Estimated Trial Length**:  7 days.

The Commission does not prefer to bifurcate issues at trial. It is preferred that issues of liability and damages be presented at one trial. The time of trial may be shortened with stipulations to facts.

**10.    Jury Trial**

The Commission requests a jury trial.

**11.    Settlement**

The Commission is always amenable to reasonable offers of settlement. The parties agree to a Magistrate for mediation/settlement purposes.

**12.    Such other matters as counsel considers conducive to the just, speedy, and inexpensive determination of this action.**

N/A

**13.    A statement that counsel for the parties have conferred about each of the above matters**.

The parties have conferred regarding the submission of the Joint Status Report prior to the Rule 16 Conference pursuant to the Federal Rule of Civil Procedure 26 (f).

Respectfully submitted,

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | MARSHALL DENNEHEY, WARNER COLEMAN & GOGGIN |
| By: */s/ Rachel M. Smith* <br>    Rachel M. Smith, Trial Attorney<br>21 South 5th Street<br>Suite 400<br>Philadelphia, PA  19106<br>(215) 440-2642<br>Attorney for Plaintiff | By: */s/ Kevin J. Connors, Esq*.<br>    Kevin J. Connors, Esq.<br><br>1220 North Market Street, 5th Floor<br>P.O. Box 8888<br>(302) 552-4304<br>Attorney for Defendant |
| Dated:  November 21 , 2005 | Dated: November  21 , 2005 |

6