Exhibit "A"

Case 1:05-cv-00374-GMS     Document 41-2     Filed 04/24/2006     Page 1 of 15

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 JUN -8 AM 11: 34

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EQUAL EMPLOYMENT OPPORTUNITY          )
COMMISSION,                           )
                                      )    Civil Action No.        0 5 - 3 7 4 -
               Plaintiff,             )
                                      )    COMPLAINT
                                      )    JURY TRIAL DEMAND
                                      )
NABSTAR, LLC d/b/a SLEEP INN,         )
                                      )
               Defendant.             )

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Islyn I. Palmer who was adversely affected by such unlawful practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that Islyn Palmer, was discriminated against based on her age, 74, when she was terminated from her breakfast attendant position without notice, and was replaced by a 28 year-old employee. As a result of these discriminatory practices, Ms. Palmer suffered backpay losses.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended. 29 U.S.C. § 626 (b) (the "ADEA"), which incorporate by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§215 (a)(3), 216(c) and 217.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Delaware.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (The "Commission"),

is the agency of the United States of America charged with administration, interpretation and

enforcement of the Age Discrimination in Employment Act, and is expressly authorized to bring

this action by Section 7(b) of the ADEA, 29 U.S.C. § 626 (b), as amended by Section 2 of

Reorganization Plan No.1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat.

2705.

4.      At all relevant times, Defendant, Nabstar, LLC d/b/a Sleep Inn, (the "Employer"),

has continuously been doing business in the State of Delaware and the City of Newark and has

continuously had at least 20 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer

engaged in an industry affecting commerce within the meaning of Section 11(c) of the ADEA,

29. U.S.C. § 630 (c).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Islyn Palmer filed a

charge with the Commission alleging violations of the Age Discrimination in Employment Act

of 1967. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least January of 2003, Defendant Employer has engaged in unlawful

employment practices at its Newark, Delaware facility, by unlawfully subjecting Islyn Palmer to

disparate treatment based upon her age in violation of Section 7(b) of the Age Discrimination in

Employment Act of 1967, as amended, 29 U.S.C. § 626 (b). These unlawful practices include,

but are not limited to, the following:

(a)     Ms. Palmer began her employment with Sleep Inn in August of 1997 as a Breakfast Attendant in Defendant's Housekeeping Department. She was responsible for cleaning the breakfast and lobby areas, the public bathroom, and other common areas.

(b)     On or about August 4, 2003, the hotel was sold to Defendant, Nabstar, who then installed new management of the facility under General Manager, Joan Payne. Prior to the August 4, 2003 transfer of ownership, an orientation meeting was scheduled to introduce the staff to the new owners. Ms. Palmer was not notified of this meeting and therefore did not attend.

(c)     The weekend following the purchase of the hotel, Ms. Palmer arrived for her scheduled breakfast shift only to find that Defendant had scheduled a 28 year old employee to work Ms. Palmer's shift. When Ms. Palmer inquired of Defendant's management about why a new employee was working her shift and performing her prior duties, she was informed that because she was not listed as an employee, someone had filled her position. Defendant told her to fill out a job application, which Ms. Palmer completed.

(d)     The following weekend of August 16-17th, 2003, Ms. Palmer again came into work only to find the same younger employee working in the position again. She spoke with management for a second time, and was told that both Ms. Palmer and the younger employee would work the shift together.

(e)     The same weekend, General Manager Payne met with Ms. Palmer about the duties of her position. Ms. Palmer informed Payne that she was willing and able to do the duties assigned to her position, and that she was also willing to work in other areas and departments.

(f)     Despite Ms. Palmer's six years of satisfactory work performance at the facility, after working for Defendant for only one weekend, on August 20, 2003, Payne terminated Ms. Palmer without explanation.

(g)     In the six years that Ms. Palmer was employed at the facility, Ms. Palmer had never received any disciplinary actions, nor was she advised of any customer complaints about her work.

(h)     Ms. Palmer was the oldest and most senior employee at 74 years of age at the facility when Defendant Nabstar assumed management. The next oldest employee was 39 years old. After Ms. Palmer's termination, Defendant permanently replaced Ms. Palmer with a 28 year old female employee.

8.     The effect of the practices complained of in paragraphs 7(a) through (h) above has been to deprive Islyn Palmer of equal employment opportunities and otherwise adversely affect her status as an employee because of her age.

10.     The unlawful employment practices complained of in paragraphs 7(a) through (h) above were intentional.

11.     The unlawful employment practices complained of in paragraphs 7(a) through (h) were done with malice or with reckless indifference to the federally protected rights of Islyn Palmer.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers,

successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination, and retaliation and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.      Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to make whole Islyn Palmer by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful-place reinstatement of Islyn Palmer, or frontpay, in lieu thereof, if reinstatement is not feasible.

D.      Pursuant to 29 U.S.C. § 216 (b), order Defendant Employer to pay Islyn Palmer liquidated damages for its willful, malicious and reckless conduct described in paragraphs 7(a) through (h) above, in amounts to be determined at trial.

E.      Grant such further relief as the Court deems necessary and proper in the public interest.

F.      Award the Commission its costs of this action.

COLM F. CONNOLLY
United States Attorney


RUDOLPH CONTRERAS
Chief, Civil Division
Assistant United States Attorney
1007 Orange Street
Suite 700
Post Office Box 2046
Wilmington, Delaware 19899-2046
(302) 573-6277

Dated: 6/6/05

Exhibit

"B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 05-374-GMS |
| | : | |
| v. | : | |
| | : | TRIAL BY JURY DEMANDED |
| NABSTAR, LLC d/b/a SLEEP INN, | : | |
| | : | |
| Defendants. | : | |

**ANSWER WITH AFFIRMATIVE DEFENSES**
**OF DEFENDANT, NABSTAR, LLC d/b/a SLEEP INN,**
**TO PLAINTIFF'S COMPLAINT**

**NATURE OF THE ACTION**

Answering defendant denies all allegations contained in plaintiff's statement of the

Nature of the Action.

**JURISDICTION AND VENUE**

1. The allegations in paragraph 1 of plaintiff's Complaint contain conclusions of law to

which no response is required.

2. Denied.

**PARTIES**

3. The allegations in paragraph 3 of plaintiff's Complaint contain conclusions of law to

which no response is required.

4. Denied.

5. Denied as a conclusion of law to which no response is required.

## STATEMENT OF CLAIM

6. Admitted that Islyn Palmer filed a charge with the plaintiff alleging violations of the Age Discrimination Employment Act of 1967. The remaining allegations in paragraph 6 of plaintiff's Complaint are denied and answering defendant further denies that it committed any violations of the Age Discrimination Employment Act of 1967.

7. 7(a) – 7 (h) Denied.

8. Denied.

9. (No paragraph 9 exists in plaintiff's Complaint).

10. Denied.

11. Denied.

WHEREFORE, answering defendant demands that plaintiff's Complaint against it be dismissed with prejudice and that judgment be entered in favor of answering defendant and against plaintiff, together with reasonable attorneys fees and costs and such other relief as the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The alleged deprivation of civil rights did not result from a breach of any duty owed by defendant to the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Incidents of which the plaintiff complains were not foreseeable by defendant.

## FOURTH AFFIRMATIVE DEFENSE

If the plaintiff's allegations of facts as set forth in the Complaint are proven to be true at trial, all of which are expressly denied by defendant, then defendant acted unintentionally and we of action under any federal civil rights statute or other statute.

## FIFTH AFFIRMATIVE DEFENSE

At all times relevant hereto, defendant acted without malicious intent and in good faith and with a reasonable justification or belief in the legality and lawfulness of its actions.

## SIXTH AFFIRMATIVE DEFENSE

At all times relevant hereto, defendant acted without malicious intent and in good faith, with a reasonable justification or belief in the legality and lawfulness of its actions, and its actions were reasonable considering all of the circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

Answering defendant's alleged actions or omissions were not the cause in fact or proximate cause of the harm alleged by the plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's injuries and damages, if any, were caused by intervening and superseding acts or omissions of third parties.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff's injuries and damages, if any, are unrelated to any actions or omissions on the part of answering defendant and resulted from acts, occurrences or conditions for which the answering defendant is not responsible.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a valid claim under the Age Discrimination in Employment Act.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a valid claim for willful violation under the Age Discrimination in Employment Act.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant did not engage in prohibited employer conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

At no time did defendant breach any duty owed to plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state causes of action upon which punitive damages may be awarded against defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages under the Age Discrimination in Employment Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not deprived of any rights secured by the United States Constitution or any federal, state or local statute.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant at all times material to plaintiff's Complaint acted properly, in good faith and within its legal authority.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the doctrines of estoppel, waiver and/or laches.

## TWENTIETH AFFIRMATIVE DEFENSE

Claims for back pay or front pay by plaintiff must be offset by any wages or benefits received since the time of her separation from employment or which could have been earned in the reasonable exercise of diligence to mitigate her claim for damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's damages are barred in whole or in part by the failure of plaintiff to mitigate her damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff was an at will employee subject to termination with or without cause pursuant to the Employee Handbook which plaintiff received and signed.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant was unaware of plaintiff's employment when defendant took over ownership and management of the subject hotel on 8/4/03.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff refused to perform cleaning duties which were a part of the duties of the breakfast person established by defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff refused to begin her week-end work day at 6:00 a.m. which was the start time for breakfast duties on week-ends as established by defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff was the subject of several guest complaints after her first week-end of work relating to rudeness and uncleanliness in the breakfast area.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was offered more hours, but she refused the offer by defendant.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was unwilling to work in another department at the hotel.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to attend an orientation on 7/30/03 to introduce the new owners of the subject hotel to employees of the former owner.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's age was not related in any way to plaintiff's discharge from employment by defendant.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant was unaware of what employees of the previous owner would seek to continue their employment when ownership and management of the subject hotel was taken over by defendant.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant reserves the right to plead additional affirmative defenses as warranted by continuing investigation and discovery.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN


By:  __/s/ Kevin J. Connors__
       Kevin J. Connors, Esquire
       (DE I.D.#2135)
       Attorney for Defendants
       1220 N. Market Street
       5th Floor
       P.O. Box 8888
       Wilmington, DE  19899-8888
       302-552-4302


**DATED:  August 22, 2005**


\15_A\LIAB\KJC\LLPG\302347\VXL\21256\00512