IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 05-00374 |
| | ) ) | |
| NABSTAR, LLC D/B/A SLEEP INN | ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

A.    This action was instituted by the U.S. Equal Employment Opportunity Commission ("the EEOC" or "the Commission") on June 8, 2005, against Nabstar, LLC d/b/a Sleep Inn ("Nabstar") to enforce provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 (b) (the "ADEA"). The EEOC filed this ADEA lawsuit on behalf of Islyn Palmer, alleging that Nabstar discriminated against her on the basis of her age, 74, when it terminated her employment. Nabstar denies these allegations.

B.    This Consent Decree is entered into by and shall be final and binding between the EEOC and Defendant, Nabstar, LLC, its directors, officers, agents, employees, successors or assigns (hereinafter collectively referred to as "Defendant" or "Nabstar").

C.    The EEOC and Nabstar agree to the entry of this Consent Decree, which shall fully and finally resolve all claims the EEOC raised in its Complaint in Civil Action No. 05-00374. This Consent Decree shall not constitute either an adjudication of or finding on the merits of the complaint and shall not be construed as an admission by Nabstar of any violation of the ADEA.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

**NON-DISCRIMINATION AND NON-RETALIATION**

1.     This Court has jurisdiction over the parties and subject matter of this action.

2.     Nabstar is enjoined from discriminating against any employee or potential employee on the basis of age in violation of The ADEA.

3.     Nabstar is enjoined from engaging in any employment practices which retaliate in any manner against any person because of that person's opposition to any practice made an unlawful employment practice under the ADEA or because that person has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under the ADEA.

4.     Nabstar shall not divulge to any identifiable employer or potential employer of Islyn Palmer any of the facts or circumstances related to the claims of age discrimination against Nabstar in this case or any of the events relating to her participation in the litigation of this action.

5.     Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Nabstar under the ADEA or the EEOC's authority to process or litigate any charge of discrimination now pending or filed in the future against Nabstar.

**MONETARY RELIEF**

6.     Defendant agrees to pay monetary relief in the total amount of $10,000.00 to Islyn A. Palmer, in full settlement of the claims against Defendant which were raised in the Commission's Complaint within 30 days from the filing of this Consent Decree.  The check shall be mailed to Islyn Palmer, 10 Farnsworth Road, Newark, DE 19713 by certified mail, return

2

receipt requested.  Defendant will mail a photocopy of the check to the EEOC, to the attention of

Rachel M. Smith, Trial Attorney, EEOC, The Bourse, 21 South Fifth Street, Suite 400,

Philadelphia, PA 19106-2515, within five days of the date of mailing of the check to Mrs.

Palmer.

### POSTING OF NOTICE

7.    Within 45 days after entry of this Decree, Nabstar shall post at all its facility in

Newark, Delaware, on all bulletin boards, used by Nabstar for communicating with employees,

same-sized copies of the Notice attached as Exhibit 2 to this Decree.  The Notice shall remain

posted for two years from the date of entry of this Decree.  Nabstar shall provide to the attention

of Rachel M. Smith, Trial Attorney, EEOC, 21 South Fifth Street Suite 400, Philadelphia, PA

19106-2515, a list of the locations and dates of posting in each location within 40 days after

entry of this Decree.  If posted copies become defaced, removed, marred or otherwise illegible,

Nabstar agrees to post a readable copy in the same manner as heretofore specified.

### NON-DISCRIMINATION  POLICIES AND COMPLAINT PROCEDURES

8.    Nabstar' policy or policies against age discrimination and complaint procedures

shall be drafted in plain and simple language in both English and Spanish.  Nabstar shall ensure

that its policy or policies against age discrimination and related complaint procedures meet the

following minimum criteria:

(a)    (i) provide that the complaints of age discrimination, harassment and/or retaliation

can be made either in writing or verbally; (ii) identify employees in the Human Resources

Department or similarly designated individuals, to whom an employee can make a

3

complaint; and (iii) provide assurances that complainants shall not be subjected to retaliation;

(b)     provide for prompt investigation of complaints of harassment and/or retaliation;

(c)     provide for prompt communication to the complaining party of the results of the investigation and any remedial actions taken or proposed; and

(d)     Nabstar will revise its existing age discrimination policies to advise employees of their right to file a charge with the EEOC and to provide the address and phone number of the EEOC.

9.     Nabstar shall distribute its non-discrimination policy to all of its employees and newly-hired employees in Delaware.

10.     Within 120 days after entry of this Consent Decree, Nabstar shall advise Rachel M. Smith, Trial Attorney, EEOC's Philadelphia District Office, that its policy or policies against age discrimination, harassment and retaliation have been distributed to all current employees at its facilities in Delaware and that new employees in Delaware will receive these policies and have an opportunity to acknowledge receipt.  Nabstar will retain copies of any acknowledgment of receipt form for an employee in both the employee's personnel file and in a file in the corporate Human Resources Department or with similarly designated individuals.

11.     Nabstar shall annually for the duration of the Consent Decree send a copy of its policy or policies against discrimination to each unit and have each employee acknowledge receipt of the policy.  The policy or policies against age discrimination will be given to each newly-hired employee.

4

## SUPERVISOR ACCOUNTABILITY

12.    Nabstar shall promote supervisor accountability by the following conduct:

(a)    providing anti-discrimination training to all of its supervisory and managerial

personnel at its Newark, Delaware location as set forth in Paragraph 13;

(b)    disciplining, up to and including discharge, any supervisor or manager who

violates Nabstar' policy or policies against age discrimination, harassment and

retaliation; and

(d)    requiring all managers and supervisors to report any incidents and/or complaints

of harassment and/or retaliation of which they become aware to the Human Resources

Department or to similarly designated individuals.

## TRAINING

13.    Nabstar shall provide training on the requirements of the ADEA as follows:

(a)    Nabstar agrees to provide annual training sessions once annually in

calendar years 2006 and 2007. This training will be for all managers and supervisors in

Nabstar's Newark, Delaware location which will emphasize what constitutes age

discrimination, how to keep the company free from such discrimination, what constitutes

unlawful retaliation and will summarize how to conduct a prompt and effective

investigation into allegations, complaints or charges of discrimination.  The training

sessions will be conducted by a representative designated by the EEOC.

(b)    Nabstar shall first provide training in accordance with Paragraph 13(a) by no later

than 120 calendar days after entry of this Consent Decree.

## DISPUTE RESOLUTION

14.      In the event either party to this Decree believes the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within 20 days of the alleged non-compliance and afford the alleged non-complying party 20 business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied.  If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within 20 business days, the complaining party may apply to the Court for appropriate relief.

## MISCELLANEOUS PROVISIONS

15.      Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

16.      The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of Nabstar in their capacities as representatives, agents, directors and officers of Nabstar and not in their individual capacities. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event any individual is found in contempt for a violation of this Decree.

17.      This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 05-00374.

18.      This Consent Decree shall be filed in the United States District Court for the District of Delaware and shall continue in effect for two years.  During this time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate its purposes.  Any application by any party to modify or vacate this Consent Decree during such period shall be

6

made by motion to the Court on no less than 30 days' notice to the other party. Should any

material disputes under this Decree remain unresolved after this two-year period, the term of the

Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to

enforce the Consent Decree) until such time as all disputes have been resolved.

22.    The Clerk of the District Court is hereby directed to send a file-stamped copy of

this Consent Decree to counsel of record.

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, NW
Washington DC 20507

Kevin J. Connors, Esq.
Marshall Dennehey Warner Coleman & Goggin
1220 Market Street
Wilmington, DE 19801
Attorney for the Defendant,
Nabstar, LLC d/b/a Sleep Inn

Jacqueline H. McNair
Regional Attorney

Jay Patel
Nabstar, LLC d/b/a Sleep Inn

Judith A. O'Boyle
Supervisory Trial Attorney

Rachel M. Smith
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2642

7

By the Court: _____          Date: _August 28, 2006_
            HON. GREGORY M. SLEET
            UNITED STATES DISTRICT JUDGE

**EXHIBIT 2**

<u>NOTICE TO ALL NABSTAR, LLC  EMPLOYEES</u>

This Notice is posted pursuant to a Consent Decree entered by the federal court for the District of Delaware in <u>EEOC v.Nabstar</u>, LLC Civil Action Number 05-00374, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Nabstar, LLC. ("Nabstar")

The Age Discrimination in Employment Act of 1967 (ADEA) protects individuals who are 40 years of age or older from employment discrimination based on age. The ADEA's protections apply to both employees and job applicants. Under the ADEA, it is unlawful to discriminate against a person because of his/her age with respect to any term, condition, or privilege of employment, including hiring, firing, promotion, layoff, compensation, benefits, job assignments, and training. It is also unlawful to retaliate against an individual for opposing employment practices that discriminate based on age or for filing an age discrimination charge, testifying, or participating in any way in an investigation, proceeding, or litigation under the ADEA.

In its lawsuit, the EEOC alleged that Nabstar discriminated against an employee on the basis of age when it terminated her employment in violation of the Age Discrimination Act of 1967 ("ADEA"). Nabstar denied these allegations.

To resolve the case, Nabstar and the EEOC have entered into a Consent Decree which provided, among other things, that: (1) Nabstar shall not discriminate on the basis of age in the future; (2) Nabstar shall not retaliate against any person because he or she opposed any practice made unlawful by the ADEA, filed an ADEA charge of discrimination, participated in any ADEA proceeding, or asserted any rights under the Consent Decree; and (3) Nabstar will provide training regarding its policy prohibiting age discrimination, harassment and retaliation to managers and supervisors throughout the state of Delaware.

If you believe you have been discriminated against, you may contact the EEOC at (215) 440-2600.  The EEOC charges no fees and has employees who speak languages other than English.

<u>THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE</u>

This Notice must remain posted for three years from the date below and must not be altered, defaced or covered by any other material.  Any questions about this Notice or compliance with its terms may be directed to the Regional Attorney, EEOC Philadelphia District Office, 21 South 5th Street, Philadelphia, PA 19106.

_____          _____
U.S. Equal Employment Opportunity          NABSTAR, LLC
Commission

DATED:  __8/14/06_____          DATED:  _____

11